IN RE APPLICATION OF SCHROETLIN.
SCHROETLIN TANK LINE, INC., APPELLANT, V.
WYNNE TRANSPORT SERVICE, INC., ET AL., APPELLEES.

315 N.W.2d 630

Filed February 5, 1982. No. 43645.

Scott T. Robertson of Peterson, Bowman & Johanns for appellant.

Ryan & Williams, P.C., for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and HASTINGS, JJ.

PER CURIAM.

This is an appeal by Schroetlin Tank Line, Inc., from an order of the Public Service Commission denying an application to extend the applicant's existing limited authority as a common carrier of petroleum products to statewide authority.

Schroetlin Tank Line, Inc., is a Nebraska corporation which operates as a common carrier by motor vehicle over irregular routes, and holds both intrastate and interstate authorities. Its operations are conducted out of its headquarters in Sutton, Nebraska. Schroetlin holds intrastate authority to transport general commodities between points within a 20-mile radius of Sutton, Nebraska, on the one hand, and, on the other hand, all points in Nebraska. Schroetlin also holds statewide authority for various specific liquid commodities, including fertilizer and liquid feed. So far as is relevant here, Schroetlin also holds statewide alcohol authority and some limited petroleum oil authority to haul traffic originating at the Gulf Oil terminal in Blair, Nebraska.

By this application Schroetlin seeks to extend its authority to transport petroleum products from all refineries or loading points in Nebraska to all points in the state over irregular routes. Protests were filed by several other carriers holding statewide petroleum authorities. The dual purpose of the expanded authority sought was to make Schroetlin's present petroleum transportation more efficient and to facilitate the shipment of gasohol and gasohol components. Gasohol is a mixture of nine parts of gasoline and one part of ethyl

alcohol. In some cases alcohol and gasoline are shipped separately to the retail stations where the two products are blended to form gasohol. Because it is more efficient and less costly, many retail stations prefer that the alcohol and gasoline be blended at the pipeline and the gasohol shipped in a premixed state.

Schroetlin has statewide authority to haul alcohol and also provides transportation service for petroleum products from one loading point within the 20-mile radius of Sutton, Nebraska, but does not have the flexible authority necessary to provide statewide service. Under a lease of equipment with Wynne Transport Service, Inc., Schroetlin is presently providing statewide petroleum service to some Nebraska shippers. Under the lease arrangement, Wynne receives 10 percent of the gross revenue and performs the billing, accounting, and other administrative functions. Schroetlin provides the equipment and drivers and arranges for the loads.

At the hearing before the commission there was some testimony by a witness for Schroetlin that some unidentified requests for service had been refused, but the witness conceded that the refused service could have been carried under the lease arrangement with Wynne. The witness also testified that existing equipment of Schroetlin was not being used to its full capacity.

Representatives of two large agricultural cooperatives testified that they projected significant increases in the volume of petroleum products shipped by them in the next 2 years, and testified that they could and would be able to utilize Schroetlin's transportation services if authority was granted and that they did not intend to divert any business from existing carriers. A witness for one of the two cooperatives testified that her company had no complaints about the services offered by the existing common carriers. A witness for the other cooperative generally agreed, but stated that during peak periods they had experienced some shortages of equipment.

The protestants' evidence was that there were sufficient carriers and sufficient available equipment in Nebraska to serve the shippers of petroleum products, that their equipment was not presently utilized to its fullest extent, and that there was no need for the services of an additional carrier. Some witnesses testified as to the volume of petroleum products transported by their companies for the cooperatives and expressed the belief that some business would be diverted from them to the applicant if the application were granted to Schroetlin.

Following the hearing the commission found that the applicant was fit, willing, and able to properly perform the proposed services; that the public convenience and necessity could be adequately met by existing carriers; and that the proposed service would, if permitted, lessen the ability of existing carriers to adequately meet present and future needs to the detriment of the public, and denied the application. Schroetlin has appealed.

The appellant contends that testimony by protestants expressing a general fear of potential diversion of traffic in the future does not constitute proof of harm to competitive carriers and that harm to competitive carriers is not alone sufficient to support denial of an application for a certificate of authority in the absence of evidence that the public will also be harmed. The argument is that injury to existing carriers through competition becomes relevant only when there is resulting injury to the public, and that the weight of the evidence does not support the denial of the application.

The burden is on the applicant to show that the proposed service is required by public convenience and necessity. In determining the issue of public convenience and necessity, controlling questions are whether or not the operation will serve a useful purpose responsive to a public demand or need; whether or not this purpose can or will be served as well by existing carriers; and whether or not it can be served by the

applicant in a specified manner without endangering or impairing the operations of existing carriers, contrary to the public interest. *In re Application of Greyhound Lines, Inc.*, 209 Neb. 430, 308 N.W.2d 336 (1981).

In the present case the appellant contends that the commission has accepted evidence of possible economic harm to other carriers as being sufficient ground upon which to deny the certificate without any evidence of harm to the public interest. The dissenting commissioner in this case expressed the view that the weight of the evidence was against the majority decision. Whether we agree or disagree with the decision of the commission, however, is immaterial. It is not the province of this court to weigh or resolve conflicts in the evidence, or the credibility of witnesses. The Supreme Court does not act as an appellate public service commission but will sustain the action of the commission if there is evidence in the record to support it.

The issue of public convenience and necessity is ordinarily one of fact and where there is evidence in the record to sustain the Public Service Commission's order, this court cannot say that it is unreasonable and arbitrary. The determination of what is consistent with the public interest, or public convenience and necessity, is one that is peculiarly for the determination of the Public Service Commission. If there is evidence to sustain the finding of the commission, this court cannot intervene. *Ace Gas, Inc. v. Peake, Inc.*, 184 Neb. 448, 168 N.W.2d 373 (1969). In the case at bar there is evidence in the record to support the finding of the commission.

The order of the commission denying the application is affirmed.

AFFIRMED.

WHITE, J., participating on briefs.