IN RE APPLICATION OF GORDON TRUCKING, INC.
GORDON TRUCKING, INC., APPELLANT, V.
WHEELER TRANSPORT SERVICE, INC., ET AL., APPELLEES.

317 N.W.2d 85

Filed March 19, 1982. No. 43776.

Scott T. Robertson of Robertson & Robertson for appellant.

Rodney Peake of Peake & Navis, P.A., and James E. Ryan of Ryan & Williams, P.C., for appellees.

Heard before BOSLAUGH, MCCOWN, and CLINTON, JJ., and HAMILTON and CASE, District Judges.

MCCOWN, J.

This is an appeal by Gordon Trucking, Inc., of Bassett, Nebraska, from an order of the Public Service Commission denying an application seeking common carrier authority to transport petroleum and petroleum products in Nebraska intrastate commerce from five specified Nebraska counties to seven other specified Nebraska counties over irregular routes.

The applicant, Gordon Trucking, Inc., was incorporated on January 22, 1980, when Don Gordon decided to place the transportation portion of his oil business in a separate corporation. Don Gordon is the owner of the applicant and the sole proprietor of Gordon Oil Company, whose principal place of business is in Bassett, Nebraska. Gordon is a jobber of American Oil Company and buys and sells Standard Oil petro-

leum products. Prior to separating the business, Gordon transported all of his Standard Oil products from various terminals in Nebraska to his own places of business and to various other petroleum dealers and farm customers in several counties. No authority from the commission was required for that transportation.

Gordon operates one semitractor, three semitrailers, three delivery trucks, and one single-axle tractor-trailer. If the application is granted the transportation portion of the Gordon Oil business will be operated separately by the applicant and conducted in substantially the same manner as it was conducted by Gordon Oil Company.

Gordon presently purchases gasoline, diesel, oil, and grease at various terminal facilities in Nebraska, with the largest share of product coming from the terminal at Norfolk, Nebraska. Petroleum products are delivered to his own bulk storage facilities at Bassett and in Newport, Nebraska, and to other dealers and farm customers. More than 80 percent of his deliveries are made to farms, and that transportation is exempt from regulation under Neb. Rev. Stat. § 75-303(5) (Reissue 1976).

Although no proof was furnished in the record, Gordon apparently incorporated the transportation portion of his business in order to obtain common carrier authority in order to meet the requirements of Standard Oil Company regarding leasing of equipment.

At the hearing on the application the applicant produced a number of witnesses. Most of the witnesses were customers of Gordon Oil Company who were satisfied with the service they had been receiving. Others were petroleum dealers who exercised little or no control over the selection of the common carrier who had been serving them, or had no complaint about the service of the common carriers they were now using but would prefer to use the applicant in order to favor the local economy. Almost without exception, the

witnesses had either not tried to use existing common carrier services or were satisfied with the service they were receiving.

At the conclusion of the hearing the commission noted that motor transportation to farms and ranches is exempt from regulation under § 75-303(5) and found that all the testimony on behalf of the applicant did not add up to a showing of any significant demand for additional common carrier services. The commission found that the applicant was fit, willing, and able properly to perform the proposed service but had failed to prove that the proposed services are required by the present or future public convenience and necessity, and denied the application.

The burden is on the applicant to show that the proposed service is required by public convenience and necessity. The determination of what is consistent with the public interest or public convenience and necessity is ordinarily an issue of fact and one that is peculiarly for the determination of the Public Service Commission. If there is evidence to sustain the finding of the commission, this court cannot intervene. *In re Application of Schroetlin, ante* p. 508, 315 N.W.2d 630 (1982).

The record in the present case fails to establish any significant public need or demand for the proposed service. There is evidence to support the determination of the commission, and that determination was not arbitrary, capricious, or unreasonable.

AFFIRMED.